AO 91 (Rev. 11/11)   Criminal Complaint

FILED

UNITED STATES DISTRICT COURT
LAS CRUCES, NEW MEXICO

# UNITED STATES DISTRICT COURT
### for the
District of New Mexico

JAN 2 3 2026

MITCHELL R. ELFERS
CLERK OF COURT

| | |
|---|---|
| United States of America<br>v.<br><br>LANCE MARION COJO<br><br><br><br><br>_____<br>Defendant(s) | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No.  26-230 MJ |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____October 23, 2025_____ in the county of _____Otero County_____ in the _____Mescalero_____ District of _____New Mexico_____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 113(a)(8) | Assault by strangling and/or suffocating a spouse, intimate partner, or dating partner |
| 18 U.S.C. § 1151, 1153(a) | Crimes occuring in Indian Country |

This criminal complaint is based on these facts:

See Attachment

❏ Continued on the attached sheet.

JACOB GLOSSOP  Digitally signed by JACOB GLOSSOP
Date: 2026.01.23 12:09:38 -07'00'

_____
Complainant's signature

BIA Special Agent Jacob Glossop
_____
Printed name and title

Telephonically sworn and electronically signed.

Date: _____01/23/2026_____

_____
Judge's signature

City and state: _____Las Cruces, New Mexico_____

U.S. Magistrate Judge
_____
Printed name and title

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

1. I, Jacob Wade Glossop, having been duly sworn according to law, depose and state:

2. I am a Special Agent with the Bureau of Indian Affairs (BIA), Office of Justice Services (OJS), Department of Interior (DOI), and have been since January 2023. I am currently assigned as a criminal investigator for the BIA Mescalero Agency, New Mexico. I am currently assigned to investigate Title 18 violations occurring on the Mescalero Apache Reservation, Otero County, New Mexico. I have completed over 480 hours of training in the Criminal Investigator Training Program at the Federal Law Enforcement Training Center. The training included but not limited to continuous case investigation and management, execution of search and arrest warrants, Law Enforcement photography and video, documentation and report writing, first responders to digital evidence, electronic surveillance techniques, and conducting investigations in the cyber environment. During my career, I have investigated violent crimes (including cases involving victims), death investigations, child sexual abuse, domestic violence, aggravated assault, and assault by strangulation. I previously served as a New Mexico State Police Officer for approximately four years, nine months. I was classified, trained, and employed as a certified State Police Officer with statutory arrest authority charged with conducting criminal investigations of alleged violations of state criminal statutes. I currently serve as an Infantry Officer in the U.S. Army Reserves. I have served nineteen years in a combination between regular active-duty Army, New Mexico National Guard, and U.S Army Reserve. During my military service, I have conducted multiple 15-6 UCMJ and Article-15 investigations at Platoon, Company, Battalion, and Brigade level. During my tenure with the BIA, I have received formal and informal training involving violent crimes, including multiple

strangulation, assault, and major crimes trainings, new detective trainings, investigative techniques trainings, and crime scene processing trainings.

3. I am the case agent investigating Lance Marion Cojo (hereafter "Cojo"). The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents, law enforcement officials, and witnesses. I have read reports and had discussions with investigators and have relied on their information as part of this affidavit. My BIA investigation on Cojo began in October 2025. Through the course of my investigation, I have read, and reviewed reports generated by the BIA and the Mescalero Apache Tribal Court. I have also read open-source information regarding Cojo. I have reviewed audio and video recordings. I have met with victims and witnesses identified in this investigation. I have reviewed evidence, including, but not limited to, photographs, digital evidence, physical evidence, and medical reports as it relates to this investigation. This affidavit does not include all the information I know about the case. Unless otherwise noted, the dates I refer to in this affidavit are approximate.

## RELEVANT STATUTES

4. Title 18 U.S.C. § 1151 states, "[e]xcept as otherwise provided in sections 1154 and 1156 of this title, the term "Indian country", as used in this chapter, means (a) all land within the limits of any Indian reservation under the jurisdiction of the United States Government, notwithstanding the issuance of any patent, and, including rights-of-way running through the reservation, (b) all dependent Indian communities within the borders of the United States whether within the original or subsequently acquired territory thereof, and whether within or without the limits of a state, and (c) all Indian allotments, the Indian titles to which have not been extinguished, including rights-of-way running through the same."

5.  Title 18 U.S.C. § 1153(a) states that "[a]ny Indian who commits against the person or property of another Indian or other person any of the following offenses, namely, murder, manslaughter, maiming, a felony under chapter 109A, incest, a felony assault under section 113, an assault against an individual who has not attained the age of 16 years, felony child abuse or neglect, arson, burglary, and a felony under section 661 of this title within Indian country, shall be subject to the same law and penalties as all other persons committing any of the above offenses, within the exclusive jurisdiction of the United States."

6.  18 U.S.C. § 113(a)(8) states that it is a crime to assault a spouse, intimate partner, or dating partner by strangling, suffocating, or attempting to strangle or suffocate.

7.  18 U.S.C. § 113(b)(4) states that the term "strangling" means intentionally, knowingly, or recklessly impeding the normal breathing or circulation of the blood of a person by applying pressure to the throat or neck, regardless of whether that conduct results in any visible injury or whether there is any intent to kill or protractedly injure the victim.

## PROBABLE CAUSE

8.  In the morning of October 23, 2025, Cojo was at Jane Doe's house that was located within the exterior boundaries of the Mescalero Apache Indian Reservation.

9.  Jane Doe and Cojo were on her bed when Cojo's phone started ringing.

10. Jane Doe told Cojo to answer the phone, but he didn't want to. Jane Doe answered the phone and believed it to be another female that Cojo had been cheating on her with. Jane Doe hung up the phone, and then threw it at him. The phone missed Cojo and hit the wall.

11. Cojo got out of the bed and came toward Jane Doe. As he came closer, Cojo pushed her, and she started to fight back against him.

12. Cojo told Jane Doe that she was "a stupid bitch" and a "whore." Cojo pushed Jane Doe against the wall and came at her with his fists.

13. Cojo turned Jane Doe around and started to strangle her with his fist. Specifically, Cojo held his right closed fist against Jane Doe's neck. Cojo used his left hand to pull his right fist towards her throat.

14. As a result, Jane Doe couldn't breath and "started to see stars." Jane Doe gasped for air, but Cojo would not let go of her neck. Jane Doe believed that she blacked out.

15. When Cojo let go, Jane Doe fell to the floor and tried crawling away. Cojo picked her up from the floor and threw her against the wall.

16. At that point, Cojo had both of his hands around her neck. Using both hands, Cojo strangled Jane Doe twice from this position. Each time she was strangled, she saw stars, colors, and her ears were ringing.

17. Jane Doe was able to fight him off and ran toward the front of the house in the living room where her brother and sister were asleep on the couch. She woke them up and called the police.

18. Jane Doe stated that Cojo strangled her three separate times for a duration of approximately 20 seconds each. The neck pressure Jane Doe felt during the strangulations was 10/10, with 10 being the most pressure. Jane Doe thought she was going to die.

19. During the assault, Jane Doe stated that Cojo punched her chest, grabbed her by the arms, and shook her.

20. Cojo left the scene after Jane Doe called the police.

21. Jane Doe stated that Cojo had been her dating partner for the past two months.

## CONCLUSION

22. I confirmed through the Mescalero Apache Tribal enrollment office that Jane Doe and Cojo both were enrolled members of the Mescalero Apache Tribe.

23. I also confirmed through the Mescalero Apache Land Office that the incident occurred within the Mescalero Apache Indian reservation.

24. Based on the above information, I submit that probable cause exists to believe that Cojo violated Title U.S.C. Sections, 1151, 1153(a), and 113(a)(8) when he strangled Jane Doe within the federal territory.

25. Assistant United States Attorney Randy Castellano approved this prosecution in this case.

JACOB GLOSSOP   Digitally signed by JACOB GLOSSOP
Date: 2026.01.23 12:10:18 -07'00'

_____

Jacob Glossop
Special Agent
Bureau of Indian Affairs, Office of Justice Services

SUBSCRIBED AND SWORN TO BY TELEPHONE ON __January 23, 2025__, 2026.

_____
UNITED STATES MAGISTRATE JUDGE